METROPOLIS BREWERY, INC. *v.* NASSOUR, ETC.

March 8, 1954

No. 39121          56 Adv. S. 34          70 So. 2d 601

*Dabney & Dabney,* Vicksburg, for appellant.

*John W. Prewitt,* Vicksburg, for appellee.

LEE, J.

This is an appeal by Metropolis Brewery, Inc. from a verdict and judgment of the Circuit Court of Warren County which awarded to it a part only of its demand against George M. Nassour, doing business as Vicksburg Wholesale Beer Distributors.

The Brewery Company charged in its declaration that, on March 17, 1949, it shipped to Nassour a carload of beer and ale, of the value of $5,108.52; that, after the allowance of proper credits, $3,420.20 remained unpaid, and it demanded judgment for that amount.

The answer of Nassour denied that he owed that amount. He set up by way of affirmative matter that, under a contract and agreement with the plaintiff, he was the exclusive agent for Champ Ale and was to receive 5¢ for every case sold in Mississippi; and that the plaintiff was to reimburse him for the cost of advertising. He alleged that 25,000 cases were sold in the State; that his commission thereon amounted to $1,250; and that the plaintiff had not reimbursed him for advertising in the sum of $824. Besides, he alleged that the plaintiff gave away 25 cases of old stock, which he had on hand, for which he was entitled to a credit of $117. These claimed credits aggregated $2,191. He therefore admitted liability for the difference, to-wit, $1,229.

In its replication, the Brewery Company denied that Nassour was its exclusive agent in the State; and denied that it had sold 25,000 cases to other dealers; but averred that only 1,500 cases were so sold. It averred that Nas-

sour submitted bills for only $419.32 for advertising, for which he was entitled to credit; and denied his claimed credits for $117 and $1,250. But, because of the allowed credit on advertising, it reduced its demand to $3,000.88.

■■■ On the disputed issue of fact, the evidence was sufficient to warrant the jury in allowing the credits for $824 and $117.

The evidence was also sufficient to warrant the jury in finding that shortly after February 20,.1948, the Brewery Company appointed Nassour as its exclusive agent for 1948; that he was to receive 5¢ per case for such products as were sold in the State; and that such agreement extended into 1949. Nassour testified that he sold at least three cars, which ran from 1,200 to 1,500 cases to the car, or a total of 4,000 cases, in 1948. He also claimed that he was entitled to credit for at least 4,000 more cases. It is elemental that the burden was on him to sustain this claim. But his proof thereon failed—it amounted to a mere opinion. He offered a witness from the State Tax Commission, who testified that the Brewery Company reported the sale of 2,805 cases for 1949. Nassour admitted that his contract was terminated after he got hurt in May or June 1949, though he continued to handle these products as long as February 1952. This admission ended his claim for commissions for 1950, 1951 and 1952. His proof, therefore, was insufficient to sustain credit for commissions on more than 4,000 cases for 1948 and 2,805 cases for 1949, or a total of 6,805 cases, for a total amount of $340.25.

Thus, the aggregate of credits, which the jury was warranted in finding in his favor, amounts to $1,281.25 against an original claim of $3,420.20. Consequently, the verdict should have been for the difference, that is, $2,138.95.

In view of the fact that the verdict of the jury was $1,229 when it should have been not less than $2,138.95,

the judgment of the lower court will be corrected here accordingly, and as corrected, will be affirmed.

Affirmed as corrected.

*Roberds, P. J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.